UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ANGEL FLORES,

        Plaintiff,

   v.                                            CAUSE NO. 3:22-CV-330-DRL-MGG

LANDSMAN *et al.*,

        Defendants.

## OPINION AND ORDER

Joshua Angel Flores, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Flores has sued three defendants. First, he has sued Captain Landsman for allegedly discriminating against him and subjecting him to unsanitary and dangerous conditions by housing him in an unclean cell with a gray mat that had blood on it. ECF 1 at 2-3. He asserts Captain Landsman also quarantined him in a cell with a toilet that did not work and was not clean. *Id*. Mr. Flores has sued Judge Osterday alleging she violated his constitutional right to a fast and speedy trial and did not respond to his motions in

his criminal case. *Id*. at 2. Furthermore, though his allegations are unclear, Mr. Flores appears to being suing Correctional Officer Cordell for "messing up" his piece of paper on April 4, 2022. *Id*.

As an initial matter, under 42 U.S.C. § 1983, Mr. Flores cannot sue Judge Osterday. She is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of his authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Flores cannot proceed against Judge Osterday.[1]

The complaint is short on facts, dates, and specifics about Mr. Flores's allegations against Captain Landsman and Correctional Officer Cordell. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

---

[1] In Cause No. 3:22-CV-329-DRL-MGG, *Flores v. Osterday* (N.D. Ind. filed Apr. 25, 2022), Mr. Flores sued Judge Osterday for the same reasons as he alleges in this case. That case was dismissed on May 6, 2022.

are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

While Mr. Flores's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When he prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. Furthermore, Mr. Flores must link his allegations to specific dates (or estimated timeframes) because the court cannot properly assess his claims without the dates (or estimated timeframes) of the alleged incidents.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Joshua Angel Flores;

(2) GRANTS Joshua Angel Flores until **June 16, 2022**, to file an amended complaint on that form; and

(3) **CAUTIONS** Joshua Angel Flores that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

May 16, 2022                                                  *s/ Damon R. Leichty*
                                                              Judge, United States District Court